Bruce R. Zirinsky
Mark C. Ellenberg
Peter M. Dodson
CADWALADER, WICKERSHAM & TAFT
1333 New Hampshire Ave., N.W.
Suite 700
Washington, DC  20036
Telephone (202) 862-2200

and

100 Maiden Lane
New York, NY  10038
Telephone (212) 504-6000

Ralph R. Mabey (2036)
Steven J. McCardell (2144)
LEBOEUF, LAMB, GREENE
& MACRAE L.L.P.
136 South Main Street #1000
Salt Lake City, Utah 84101
Telephone (801) 320-6700

FILED IN THE
UNITED STATES
BANKRUPTCY COURT

AUG 25 PM '99

Attorneys for the Debtor and Debtor in Possession

---

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| In re ) | |
| ) | Bankruptcy Case No. 99-21130 |
| GENEVA STEEL COMPANY, ) | (Chapter 11) |
| ) | |
| Debtor and Debtor in Possession. ) | |
| Tax ID #93-0942346 | |

### MOTION TO APPROVE AMENDED
### KEY EMPLOYEE RETENTION PROGRAM

Geneva Steel Company, the above-captioned debtor and debtor in possession ("Geneva"), moves this Court for approval of an amended key employee retention program for six senior executives and 30 managers ("Amended Retention Program"). The Amended Retention Program reflects certain modifications agreed to by Geneva during discussions with the United Steel Workers of America ("Union") in early August. Those modifications implement several of the changes to the original program suggested in the Court's Order dated July 20, 1999, which

CWT\DCLIB2\14386.3

denied without prejudice Geneva's motion for implementation of the original key employee retention program. The grounds on which this motion is based are as follows.

1. On February 1, 1999, Geneva commenced this case under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). Geneva continues to operate its business and manage its properties as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and pursuant to the Rules of Practice of the United States District Court for the District of Utah, Section IV, Rule 404(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On July 20, 1999, the Court issued an Order Denying Geneva Steel Company's Motion for Implementation of Employee Retention Program Without Prejudice (the "Order").

4. In the Order, the Court suggested that Geneva consult with the Union and consider making the following changes to the plan: (1) severance benefits triggered after a conversion to Chapter 7 would have Chapter 11 administrative priority instead of Chapter 7 administrative priority; (2) the six-month severance benefit would be mitigated by income earned from new employment during the six months following separation from Geneva; (3) the emergence bonus for senior executives would be paid entirely in stock; and (4) confirmation of a liquidating plan would not trigger the emergence bonus.

5. Since entry of the Order, Geneva has held discussions with the Union regarding modifications to the original key employee retention program. As a result of those discussions, the Geneva has formulated the Amended Retention Program. Under the Amended

Retention Program: (1) severance benefits triggered after a conversion to Chapter 7 would have Chapter 11 administrative priority instead of Chapter 7 administrative priority; (2) the six-month severance benefit would be mitigated to the extent of any emergence bonus paid but would not be mitigated by income earned from new employment during the six months following separation from Geneva; (3) the emergence bonus for senior executives would be paid half in stock and half in cash; and (4) confirmation of a liquidating plan would trigger an emergence bonus.

    6.  Geneva is prepared to implement the foregoing program with the additional modification that the emergence bonus for senior executives would be paid entirely in stock if the Court determines, after consideration of this motion and the entire record, that payment entirely in stock should nonetheless be mandatory. Geneva's Board does not, however, believe, in its business judgment, that paying the emergence bonus entirely in stock is in the best interest of the estate. Payment entirely in stock would pressure the recipients to sell all or part of such stock soon after emergence to pay taxes. Such a sale would send the wrong signal to the market concerning Geneva's future prospects and potentially place downward pressure on the stock price.

    7.  As is more fully set forth in the memorandum of points and authorities filed with this motion, the grounds for approval of the motion are:

    (a)  The Amended Retention Program is based on the good faith business judgment of Geneva's Board of Directors;

    (b)  The Amended Retention Program has the support of Geneva's official creditors' committees; and

    (c)  Geneva has consulted with the Union, and the Union does not object to the Amended Retention Program.

WHEREFORE, Geneva respectfully requests that the Court approve the Retention Program as presented on June 23, 1999, except that (i) severance payments triggered after conversion to Chapter 7 will have Chapter 11 administrative priority instead of Chapter 7 administrative priority and (2) severance payments will be mitigated to the extent of any emergence bonus previously earned and paid. In the alternative, Geneva requests that the Court approve the retention program as presented on June 23, 1999 with the foregoing modifications and the additional modification that the emergence bonus for senior executives be paid entirely in stock.

Dated this 20th day of August, 1999.

*/s/ signature*

Ralph R. Mabey (2036)
Steven J. McCardell (2144)
LEBOEUF, LAMB, GREENE
& MACRAE L.L.P.
136 South Main Street #1000
Salt Lake City, Utah 84101
(801) 320-6700

- and -

Bruce R. Zirinsky
Mark C. Ellenberg
Peter M. Dodson
CADWALADER, WICKERSHAM & TAFT
1333 New Hampshire Ave., N.W., Suite 700
Washington, DC 20036
(202) 862-2200

and

100 Maiden Lane
New York, NY 10038
(212) 504-6000

Attorneys for Geneva Steel Company, Debtor and Debtor-in-Possession

## CERTIFICATE OF SERVICE

I certify that on August___, 1999, I caused a true and correct copy of the foregoing motion to be served by United States First Class mail, postage prepaid, upon those parties appearing on Master Service List No. 13, dated August 20, 1999, on file with the United States Bankruptcy Court for the District of Utah.

*[signature: Laurel Janner]*