Order Prepared and Submitted by:

Bruce R. Zirinsky
Mark C. Ellenberg
CADWALADER, WICKERSHAM & TAFT
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 862-2200

Ralph R. Mabey (Utah Bar No. 2036)
Steven J. McCardell (Utah Bar No. 2144)
Kenneth L. Cannon II (Utah Bar No. 3705)
LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
1000 Kearns Building
136 South Main Street
Salt Lake City, Utah 84101
Telephone: (801) 320-6700

Attorneys for Geneva Steel Company

RECEIVED
SEP 16 1999
OFFICE OF JUDGE
GLEN E CLARK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | )<br>)<br>) |
| GENEVA STEEL COMPANY, | ) Bankruptcy No. 99C-21130 |
| Debtor and Debtor-in-Possession. | )<br>) Chapter 11 |
| Tax ID #93-0942346 | )<br>) |

**ORDER GRANTING DEBTOR'S MOTION TO APPROVE
AMENDED KEY EMPLOYEE RETENTION PROGRAM**

The Motion of Geneva Steel Company (the "Debtor" or "Geneva") dated August 20, 1999, to Approve Amended Key Employee Retention Program (the "Motion") came before this Court as scheduled on September 16, 1999. Appearances of counsel were noted on the record. The Court, having considered the Motion, the notice of the Motion, the evidence presented at the Hearing, and the representations of counsel, and the Court having found that

notice of the Motion was sufficient, that no parties other than the U.S. Trustee objected to the Motion, and that the objection of the U.S. Trustee to the Motion was overruled, and good cause appearing,

IT IS HEREBY ORDERED:

1. The Motion is hereby granted and the Amended Retention Program, as set forth in the Motion and in Exhibit A attached to this Order, is hereby approved.

2. The Debtor is hereby authorized to implement the Amended Retention Program, as set forth in the Motion and in Exhibit A attached to this Order.

3. The voluntary treatment of Mr. Joseph A. Cannon under the Amended Retention Program shall be as set forth in the "Reply of Geneva Steel Company to Objections to Motion for Order Authorizing Implementation of Employee Retention Program" dated June 18, 1999, as follows:

   a. Joseph A. Cannon waives any and all claims under the provisions of his employment contract to the extent that the contract is inconsistent with the Amended Retention Program and will be eligible only for the severance benefits set forth in the Amended Retention Program.

   b. Notwithstanding anything in the Amended Retention Program to the contrary, Joseph A. Cannon would not be entitled to a severance benefit if he is terminated after conversion of the case to a Chapter 7 liquidation, except as the Chapter 7 Trustee may determine to provide, subject to Court approval.

2

    c.    The emergence bonus for Joseph A. Cannon will be as set forth in the Retention Program, except that 100% of the bonus will be paid in stock in the reorganized Geneva Steel Company, to the extent the confirmed plan of reorganization provides for distribution of such stock in the reorganized company to Mr. Cannon. To the extent the plan of reorganization does not provide for distribution of such stock to Mr. Cannon, the bonus will be paid as provided in the Amended Retention Program.

DATED this 16 day of September, 1999.

BY THE COURT:

Honorable Glen E. Clark
Chief United States Bankruptcy Judge

3

## CLERK'S CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing order by U.S. Mail, first class postage prepaid, on the following: on September 17th, 1999

Steven J. McCardell
LeBoeuf, Lamb, Greene & MacRae
136 South Main Street #1000
Salt Lake City, Utah 84101

Mark C. Ellenberg
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, New York 10028

Ken C. Johnsen
Geneva Steel Company
10 South Geneva Road
Vineyard, Utah 84058

J. Thomas Beckett
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, Utah 84145-0898

Weston L. Harris
Ray, Quinney & Nebeker
79 South Main Street
P.O. Box 45385
Salt Lake City, Utah 84145-0385

Stephen E. Garcia
Hopkins & Sutter
Three First National Plaza
Suite 4300
Chicago, Illinois 60602

Peter J. Kuhn
Laurie A. Crandall
Office of the United States Trustee
Boston Building #100
#9 Exchange Place
Salt Lake City, Utah 84111

Richard M. Seltzer
Cohen, Weiss & Simon
330 West 42nd Street #25
New York, New York 10036

Arthur F. Sandak
8 East Broadway, Suite 620
Salt Lake City, Utah 84111

_____
Deputy Clerk

# EXHIBIT A

## GENEVA STEEL COMPANY
## KEY EMPLOYEE RETENTION PROGRAM

The Board of Directors of Geneva Steel Company adopts a Key Employee Retention Program (the "Program") as follows:

### I. SEVERANCE PAYMENT FOR SENIOR EXECUTIVES

- Senior Executives are entitled to a severance payment equal to 50% of their annual salary if they are terminated other than for cause[1] prior to substantial consummation of a plan of reorganization. This severance payment is not contingent upon the confirmation of a plan. It would be payable if the employee were terminated other than for cause after the case were converted to a Chapter 7 liquidation. However, the severance payment is subject to mitigation to the extent of any emergence bonus paid pursuant to this Program.

- Senior Executives are entitled to a severance payment equal to 75% of their annual salary if terminated other than for cause within 90 days after substantial consummation of a plan of reorganization. However, the severance payment is subject to mitigation to the extent of any emergence bonus paid pursuant to this Program.

- All severance payments under the Program shall be paid in cash within 30 days of the employee's termination, provided that if the case were converted to a Chapter 7 liquidation prior to the termination, the claim for payment shall have Chapter 11 administrative priority and shall be paid in accordance with that priority.

- A Senior Executive with a severance provision in an existing employment contract may elect to rely on the contract instead of the severance provisions of this Program.

- The total severance payments under the Program are as follows:

---

[1] For purposes of the Program, cause shall mean the employee (i) is convicted of a felony, a crime of moral turpitude or any crime involving the company (other than pursuant to actions taken at the direction or with the approval of the Board), (ii) is found by reasonable determination of the company, made in good faith, to have engaged in (A) willful misconduct, (B) willful or gross neglect, (C) fraud, (D) misappropriation or (E) embezzlement in the performance of his duties hereunder or (iii) willfully and repeatedly fails to discharge his duties as an employee of the company.

CWT\DCLIB2\13690.2

| Name | Title | Annual Salary | 50% | 75% |
|---|---|---|---|---|
| Joseph A. Cannon | Chairman / CEO | $487,708 | $243,854 | $365,781 |
| Ken C. Johnsen | Executive V.P & General Counsel | $275,002 | $137,501 | $206,251 |
| Dennis L. Wanlass | VP, Treasure & CFO | $196,274 | $98,137 | $147,205 |
| Carl E. Ramnitz | VP, Human Resources | $173,836 | $86,918 | $130,377 |
| Tim Clark | VP Manufacturing | $140,010 | $70,005 | $105,007 |
| Stephen M. Bunker | Controller | $107,640 | $53,820 | $80,730 |
| Total | | | $690,235 | $1,035,351 |

## II.  EMERGENCE BONUS

### A.  Manager Emergence Bonus

- The Managers identified below, if employed on the date of substantial consummation of a plan of reorganization, may receive up to 25% of their annual salary as an emergence bonus, at the discretion of management. Management has determined that each eligible manager will receive the full 25% bonus.

- The emergence bonus shall be paid in cash within 30 days after substantial consummation of a plan of reorganization.

- Total potential payments to managers could amount to $575,509. The managers covered are the following:

| Name | Title |
|---|---|
| Neal R. Krieps | Director Human Resources |
| Henry E. Lung | Asst. Plant Manager/Hot End, Utilities and T&Y |
| Dennis M. Nolen | Director of Distribution |
| Paul H. Peterson | Director Procurement |
| Marcus C. Phillips | Director of Product Development |
| Dale K. Poulson | Director Raw Materials & Traffic |
| Arlyn B. Richards | Director Systems |
| Maynard Anderson | General Manager/Central Services |
| Eugene E. Bohn | General Manager/Q-BOP & Transportation |
| Michael R. Curtis | Asst. Plant Manager/Rolling, Finishing & Central Services |
| Jack L. Daybell | General Manager/Coke Production and Coal Handling |
| Randy Fowles | General Manager/Blast Furnace |
| Craig Hartman | General Manager, Utilities |
| Hugh Issel | General Manager/Pipe Mill |
| Rich Lowe | General Manager/Plate Finishing, Heavy Gauge & 126" Cut Up Line |
| Terry D. Thomas | General Manager/Caster |
| Steven Wendel | General Manager/Rolling Mill |

|  | Maintenance |
|---|---|
| Glen Alder | Level 2/Level 3 |
| Scott Anderson | Systems – QA |
| Terry Buchanan | Sales |
| Mike Cooke | Product Development |
| Matt Donaldson | SAP – Marketing |
| Mary Ann Hannan | SAP Business Planning |
| Steve Harrison | SAP – H.R. |
| Jay Host | Sales |
| Lee Huish | Cost Accounting |
| Paul Ludwig | Accounting – Invoicing |
| Paul Rowley | SAP Master Planning |
| Jerry Stephens | Sales |
| Ben Williams | Sales |

**B.     Senior Executive Emergence Bonus**

- Senior Executives are entitled to an emergence bonus of 50% of their annual salary if employed by Geneva on the date of substantial consummation of a plan of reorganization.

- The emergence bonus will be paid 50% in cash and 50% in the stock of the reorganized company. In the event that the confirmed plan of reorganization does not provide for distribution of stock in the reorganized company to the Senior Executives or it is otherwise impracticable for stock to be distributed, the executive may elect to receive the entire bonus in cash.

- The stock shall be transferred to the Senior Executives within 45 days after substantial consummation of a plan of reorganization. The number of shares paid to each Senior Executive will be based on the lower of the value placed on the shares of the reorganized company in the plan of reorganization or the average daily closing price of Geneva's stock for the 30 calendar days succeeding substantial consummation of the plan of reorganization.

- Total potential payments, if the bonuses were paid entirely in cash, are as follows:

| Name | Title | Annual Salary | 50% |
|---|---|---|---|
| Joseph A. Cannon | Chairman / CEO | $487,708 | $243,854 |
| Ken C. Johnsen | Executive VP & General Counsel | $275,002 | $137,501 |
| Dennis L. Wanlass | VP, Treasure & CFO | $196,274 | $98,137 |
| Carl E. Ramnitz | VP, Human Resources | $173,836 | $86,918 |
| Tim Clark | VP Manufacturing | $140,010 | $70,005 |
| Stephen M. Bunker | Controller | $107,640 | $53,820 |
| **Total** |  |  | $690,235 |

-3-

# LeBoeuf, Lamb, Greene & MacRae
## L.L.P.
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

| | | |
|---|---|---|
| NEW YORK | 1000 KEARNS BUILDING | PITTSBURGH |
| WASHINGTON | 136 SOUTH MAIN STREET | PORTLAND, OR |
| ALBANY | SALT LAKE CITY, UT 84101 | SALT LAKE CITY |
| BOSTON | (801) 320-6700 | SAN FRANCISCO |
| DENVER | FACSIMILE: (801) 359-8256 | BRUSSELS |
| HARRISBURG | | PARIS |
| HARTFORD | | MOSCOW |
| HOUSTON | WRITER'S DIRECT DIAL: | ALMATY |
| JACKSONVILLE | 320-6702 | LONDON (A LONDON-BASED MULTINATIONAL PARTNERSHIP) |
| LOS ANGELES | | SÃO PAULO |
| NEWARK | September 16, 1999 | IN ASSOCIATION WITH GUERREIRO ADVOGADOS |

RECEIVED SEP 16 1999 OFFICE OF JUDGE GLEN E CLARK

By courier:

Hon. Glen E. Clark, Chief Judge
United States Bankruptcy Court
District of Utah
350 South Main Street, Third Floor
Salt Lake City, Utah 84101

> Re: In re Geneva Steel Company, Case No. 99-21130 GEC/Proposed Order on Debtor's Motion for Order Approving Amended Key Employee Retention Program

Dear Judge Clark:

With this letter is a proposed order granting Debtor's Motion for Order Approving Amended Key Employee Retention Program, heard this morning. The proposed order (1) includes as Exhibit A the program document, as amended as proposed in the Debtor's Motion and (2) expressly provides for the voluntary treatment agreed to by Mr. Cannon. A copy of the program document showing in blackline the changes made is enclosed with this letter. We have been advised by Mr. Kuhn, who filed the only objection, that he approves of the form of the order. Copies and envelopes with postage are included with the proposed order. Thank you for your consideration of this matter.

Very truly yours,

Steven J. McCardell

cc: Peter J. Kuhn (by facsimile)
Weston L. Harris (by facsimile)
R. David Grant (by facsimile)